UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ALICIA BAKER | CIVIL ACTION NO. 05-1739 |
| -vs- | JUDGE DRELL |
| DR. LESTER PETERMAN, et al. | MAGISTRATE JUDGE KIRK |

## R U L I N G

Before the Court is a motion to dismiss (Doc. 12) filed by defendant Concordia Parish School Board. Because the School Board's arguments are well founded, we VACATE our May 21, 2007 order (Doc. 7) granting the plaintiff's motion to vacate the Clerk of Court's March 20, 2006 order of dismissal. The effect of our ruling today is that the instant suit is deemed to have been dismissed effective March 20, 2006, the date of the original order of dismissal. Consequently, the School Board's motion to dismiss (Doc. 12) is DENIED AS MOOT.

This suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., was filed on October 3, 2005. Because the plaintiff failed to effect service within 120 days after filing the complaint, on February 22, 2006 the Clerk of Court issued notice of intent to dismiss pursuant to LR41.3W (Doc. 4), informing the plaintiff that if a "Motion for Extension of Time to Effect Service" was not filed within ten (10) calendar days, the action would be dismissed in its entirety. The plaintiff failed to act, and the Clerk issued

an order of dismissal (Doc. 5) on March 20, 2006, allowing the plaintiff the option to reinstate the action within thirty (30) days for good cause shown.

The next filing in the record came over one year later, on May 18, 2007, when the plaintiff filed a motion to vacate the order of dismissal pursuant to Fed. R. Civ. P. 60(b) (Doc. 6).  The plaintiff's sole grounds stated in the motion were inadvertence or excusable neglect.  Unfortunately, the plaintiff was not the only inadvertent participant in the matter.  When ruling on the motion, we consulted the docket report but saw the sequential dates between the order of dismissal and the motion to vacate ("03/20/2006" and "05/18/2007") as being <u>two</u> months apart rather than <u>fourteen</u> months apart.  (The plaintiff's motion to vacate did not refer to the dates.)

Our oversight may have been inadvertent, but under the Federal Rules of Civil Procedure, it is not excusable.  As it existed at the time of our order granting the plaintiff's motion to vacate, Fed. R. Civ. P. 60(b) set out in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representation from final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . .  The motion shall be made within a reasonable time, and **for reasons (1), (2) and (3) not more than one year after the judgment, order, or proceeding was entered or taken**. . . ."

Fed. R. Civ. P. 60(b) (2007).[1]  Because the plaintiff's motion to vacate (Doc. 6) came more than one year after the Clerk of Court's order to dismiss (Doc. 5), it was too late under the express terms of Fed. R. Civ. P. 60.

---

[1]  Following the December 1, 2007 amendments to Fed. R. Civ. P. 60, the one-year time limit has been moved to new subsection (c), but the change is "intended to be stylistic only."  Fed. R. Civ. P. 60, Official Comment to 2007 Amendments.

This one-year period cannot be extended by the Court, as shown by Newball v. Offshore Logistics Intern., 803 F.2d 821, 827 (5th Cir. 1986):

> A motion under rule 60(b) relating to clause (1) must be made within one year after the judgment, order, or proceeding was entered or taken. Fed. R. Civ. P. 60(b).  Since time began to run from March 22, 1984 when the conditional order of his denial was entered, and no stay pursuant to rule 62(d) was sought or granted, and Newball's motion for an extension of the original ninety-day period was not filed until more than one year later, on May 6, 1985, Newball's **motion for an extension of time was untimely and the district court's grant of the motion was unauthorized**.

Id.

Because our May 21, 2007 order (Doc. 7) improperly granted the plaintiff's motion to vacate the Clerk of Court's March 20, 2006 order of dismissal, we must VACATE our order.  Since the result is that the case is deemed to have been dismissed effective March 20, 2006, the School Board's motion to dismiss (Doc. 12) is DENIED AS MOOT.

## CONCLUSION

Based on the foregoing, our May 21, 2007 order (Doc. 7) is VACATED.  This suit remains dismissed effective March 20, 2006.  Accordingly, the School Board's motion to dismiss (Doc. 12) is DENIED AS MOOT.

SIGNED on this 14th day of February, 2008 at Alexandria, Louisiana.

Dee D. Drell
United States District Judge

3